UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Anthony Lindsey | Case No. 15-cv-1202 (WMW/BRT) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |
| City of Minneapolis, Minneapolis Police Department, Sergeant Christopher House, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Becky R. Thorson. Plaintiff Michael Anthony Lindsey has sued the City of Minneapolis, the Minneapolis Police Department, and one of its police officers, Sergeant Christopher House, alleging that they violated his rights by confining him in the Hennepin County Jail "for 63 days with no formal charges" and by questioning him before Sergeant House read him his *Miranda* rights. Defendants have moved to dismiss the case, and Magistrate Judge Thorson has recommended that the Court grant the motion. Lindsey objects to that recommendation.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); LR 72.2(b)(3). Based on that review, the Court adopts the R&R as modified.

# BACKGROUND

Plaintiff Michael Lindsey was arrested and taken to the Hennepin County Jail on April 6, 2014 after police were called to an address in south Minneapolis on a report of "shots fired."[1] When the officers arrived, Lindsey led police on a car chase before eventually pulling over. As police arrested him, they searched his car and found a semi-automatic handgun under the front passenger seat and a spent shell casing on the floor.

According to Lindsey, he was soon questioned by Sergeant Christopher House of the Minneapolis Police Department. Lindsey contends that Sergeant House never informed him of the crimes he allegedly committed, nor did Sergeant House advise Lindsey of his *Miranda* rights until after he first interviewed him. On April 8, 2014, with a prosecutor's authorization, Sergeant House filed a criminal complaint against Lindsey in Hennepin County District Court, charging Lindsey with unlawful possession of a firearm and fleeing a peace officer in a motor vehicle. Hennepin County District Judge Daniel Moreno found probable cause to support the criminal charges against Lindsey and ordered his continued detention.

Lindsey's first appearance was before Hennepin County District Judge Kathryn Quaintance on April 9, 2014. He was held in custody on $100,000 bond pending trial

---

[1] The facts in this background are drawn from Lindsey's Complaint as well as court and law enforcement records. If any facts not in judicial records are disputed, this background relies on the facts submitted by Lindsey. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court must accept a plaintiff's well-pleaded factual allegations as true); *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record") (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)).

until June 2014, when he was indicted on federal charges alleging unlawful possession of a firearm by an armed career criminal and subsequently transferred to federal custody. He was convicted by a federal jury and sentenced to 262 months in prison.

Lindsey's allegations here pertain to his time in state custody. His central allegation is that because neither Sergeant House nor Judge Quintance[2] advised him of the charges on which he was being held, he was unlawfully detained by the state for 63 days before he was transferred to federal custody. The Complaint alleges:

> [Sergeant House] at first never read me my right[s] until after he questioned me the first time, [then] I asked him to read me my right[s] and tell me what I was charged with. He read something but never <u>told me what I was charged with</u> at all. I was in the Hennepin County jail for 63 days deprived of "DUE PROCESS" because Sgt. Chris House acting under Color of Law failed to follow the Proper Procedures to have me formally charged in Court . . . I never ever received a Complaint [related] to any offense . . . and the record of [my] first appearance shows this deliberate violation of <u>DUE PROCESS.</u>

Defendants moved to dismiss. Magistrate Judge Thorson recommends granting the motion on several grounds. First, she notes that the Minneapolis Police Department is not a legal entity subject to suit in its own right. Rather, it is a department or subdivision of the City of Minneapolis. Second, she observes that Sergeant House did not have a responsibility to advise Lindsey of the charges against him. Instead, that responsibility rests with the district court. Finally, Magistrate Judge Thorson concludes that the claim against the City of Minneapolis cannot survive because a municipality is liable only if a

---

[2] Lindsey previously moved for permission to amend his Complaint to add Judge Quintance and two Hennepin County prosecutors as defendants. Magistrate Judge Thorson denied his motion as futile because the judge and prosecutors are immune from suit.

"municipal policy or custom" caused the plaintiff's injury, and Lindsey does not advance such an allegation.

Lindsey objected to the R&R. Rather than address the merits of the R&R, Lindsey appears to seek permission to amend the Complaint.[3] He argues that he is "unfamiliar with the Civil law" and has discovered that the proper claims "should have been false imprisonment, unlawful deprivation of life and liberty and unlawful seizure of my person." He also seeks to hold Hennepin County Sheriff Richard Stanek, the Hennepin County Jail, Hennepin County, the City of Minneapolis, and the Minneapolis Police Chief "responsible." Defendants did not respond to Lindsey's objections.

## ANALYSIS

A district court renders a de novo determination of those portions of a magistrate judge's report and recommendation to which objections are made. *See* 28 U.S.C. § 636(b)(1). Although the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations, the Eighth Circuit has repeatedly emphasized the requirement of de novo review when objections are made. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). Failure to conduct a de novo review when required is reversible error. *Id.* In light of Lindsey's status as a pro se litigant, the Court liberally construes his objections to be objections to the substance of the R&R and reviews the motion to dismiss de novo. *See Hudson v. Gammon*, 46 F.3d

---

[3]   Lindsey previously amended the Complaint twice.

785, 786 (8th Cir. 1995) (observing that the liberal-construction standard for pro se litigants applies to objections to a magistrate judge's report and recommendation).

To survive a motion to dismiss, a plaintiff must allege facts that, if proven true, would entitle the plaintiff to some legal redress against the defendant under an established legal theory. *Martin v. Aubuchon*, 623 F.2d 1282, 1285-86 (8th Cir. 1980). The facts alleged in the complaint are accepted as true for the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009).

Pro se litigants are held "to a lesser pleading standard than other parties," but pro se litigants nonetheless must "allege sufficient facts to support the claims advanced." *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010); *Gerstner v. Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010). The Eighth Circuit has clarified the Court's duties when it comes to pro se litigants:

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.

*Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

## I.   Adopting the R&R

After conducting a de novo review, this Court adopts the R&R with respect to its analysis and incorporates its reasoning in support of dismissing the claims against the Minneapolis Police Department and Sergeant House.

The Court further adopts the R&R to dismiss the City of Minneapolis as a defendant. To impose liability for a civil rights violation on the City of Minneapolis under Section 1983, Lindsey must allege and prove an official policy or widespread custom or practice of unconstitutional conduct that caused the deprivation of constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978) (citing 42 U.S.C. § 1983). A municipality cannot be held liable solely because it employs someone who violates another's civil rights. *Id.* at 691. Lindsey does not suggest anywhere in his Complaint that the City of Minneapolis has an official policy or widespread custom or practice of unconstitutional conduct. *Id.* at 690-91. Rather, he alleges the opposite, suggesting that it was Sergeant House's failure to follow the City's procedures that violated his rights and observed that "it is [Sergeant House's] duty as an Officer" to "follow proper procedure when prosecuting defendants."

Therefore, with respect to Lindsey's claims that he was not informed of the charges against him, the Court adopts the R&R and dismisses these claims against the Minneapolis Police Department, Sergeant House and the City of Minneapolis.

## II.     **Lindsey's *Miranda* Claim**

The Court modifies the R&R, however, to the extent that it fails to address Lindsey's claim that he was not read the *Miranda* warning and advised of his constitutional rights before Sergeant House questioned him. In his Complaint, Lindsey alleged:

> [Sergeant House] at first never read me my right[s] until after he questioned me the first time, [then] I asked him to read me my right[s] and tell me

6

what I was charged with. He read something but never <u>told me what I was charged with</u> at all.

In its motion to dismiss, the City argued that Lindsey "does not allege a *Miranda* violation" and "admits that House read from a document informing him of what his rights were." The R&R does not address the *Miranda* allegation. But courts have a duty to construe pro se complaints liberally. *See Stone*, 364 F.3d at 915. In doing so here, it appears that Lindsey does, in fact, allege a *Miranda* violation. Lindsey's suggestion that Sergeant House *eventually* may have read him the *Miranda* warning is not a concession that his right to be advised under *Miranda* was not violated when Sergeant House failed to read him the warning until *after* Lindsey had already been questioned. *See Iverson v. North Dakota*, 480 F.2d 414, 423 (8th Cir. 2003) (*Miranda* rights attach when "custodial interrogation" begins).

Lindsey's claim nonetheless fails as a matter of law because a litigant cannot maintain an action under section 1983 based on a *Miranda* violation. *Hannon v. Sanner*, 441 F.3d 635, 636-37 (8th Cir. 2006). *Miranda* warnings are a "procedural safeguard rather than a right arising out of the Fifth Amendment itself" and "the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action." *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989) (en banc). *Miranda* safeguards are "not themselves rights protected by the Constitution." *Michigan v. Tucker*, 417 U.S. 433, 444 (1974). Instead, they are "measures to insure that the right against compulsory self-incrimination [is] protected." *Id.*

Therefore, to the extent Lindsey alleges that his *Miranda* "rights" have been violated, the Court concludes that the allegations are insufficient to survive a motion to dismiss.

### III.   Permission to Amend

Lindsey's objections to the R&R appear to seek permission to amend his Complaint again.  He asserts that he has "discovered the proper claims to file should have been false imprisonment, unlawful deprivation of life and liberty and unlawful seizure of my person" and seeks to amend his Complaint to include new defendants, namely, Hennepin County Sheriff Richard Stanek, the Hennepin County Sheriff's Office, the Hennepin County Jail and Hennepin County.

Lindsey has amended his Complaint twice.  In such circumstances, a party can amend its pleading again "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  The district court should "freely give leave when justice so requires."  *Id.*  But a district court does not abuse its discretion when it denies a motion to amend a complaint because the amendment is futile or will cause undue delay. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).  It is proper to deny a motion to amend as futile when "the proposed amended complaint cannot survive a motion to dismiss for failure to state a claim."  *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008).  Because there is no evidence in the record that defendants have consented to Lindsey's request to amend his Complaint, he needs the Court's permission to do so.

The Court denies Lindsey permission to amend. Amendment would be futile as to the Hennepin County Jail and the Hennepin County Sheriff's Office because they are not amenable to suit for the same reasons the Minneapolis Police Department is not. They are not independent legal entities. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). In addition, the motion for leave to amend is untimely. The pretrial scheduling order in this case directed the parties to file all amended pleadings by December 8, 2015, four months before Lindsey filed his objections. *Popoalii*, 512 F.3d at 497 ("[T]he motion did not state persuasive reasons for the delay in filing.").

Finally, the Local Rules require motions to amend to be accompanied by "a copy of the proposed amended pleading" and "a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleadings." LR 15.1(b). Lindsey did not include a copy of a proposed amended pleading. It is "inappropriate" to grant leave to amend a complaint when the plaintiff has not submitted a proposed amendment. *Wolgin v. Simon*, 722 F.2d 389, 394, 394 n.10 (8th Cir. 1983). The federal rules require a party making a motion to amend to "state the grounds for the motion with particularity," a requirement that is met by submitting a proposed amendment with the motion for leave to amend the complaint. Fed. R. Civ. P. 7(b); *Wolgin*, 722 F.2d at 394. "Absent some indication as to what might be added to the complaint to make it viable," a plaintiff is not entitled to leave to amend. *See Wolgin*, 722 F.2d at 395. Here, that omission is fatal to Lindsey's motion.

Therefore, based on all the files, records, and proceeding herein, **IT IS HEREBY ORDERED** that:

1. The magistrate judge's Report and Recommendation, (Dkt. 80), filed March 30, 2016, is **ADOPTED** as **MODIFIED**;

2. Lindsey's application for leave to file an amended complaint is **DENIED**;

3. Lindsey's Complaint, (Dkt. 54), is **DISMISSED WITH PREJUDICE**.


LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 16, 2016                                 s/Wilhelmina M. Wright
                                                                                        Wilhelmina M. Wright
                                                                                        United States District Judge